IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MLR, LLC,

     Plaintiff,

v.

                            Civil Action No. 2:08cv357 (HCM-FBS)

MOTOROLA, INC.,

     Defendant.

## MOTOROLA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT V OF THE COMPLAINT, AND MOTOROLA'S COUNTER-CLAIMS

Defendant, Motorola, Inc. ("Motorola"), by counsel, hereby responds to Count V of the Complaint of MLR, LLC ("MLR") in this action.  Because Motorola has moved to dismiss Counts I through IV of the Compliant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, no answer is required to those Counts at this time.  Motorola submits its Answer and Counterclaims without prejudice to its motion to dismiss Claims I-IV and its motion to stay discovery on those claims.  Should any of Counts I through IV survive Motorola's Motion To Dismiss, Motorola will respond to the allegations in those surviving counts.

For its Answer and Affirmative Defenses to Count V of the Complaint for Patent Infringement of Plaintiff, MLR, Motorola states as follows:

## PARTIES

1.     Plaintiff MLR is a Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia with its Registered Office and principal place of business at 6524 Truman Lane, Falls Church, Virginia 22043.

**ANSWER:**  Motorola lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

2.      Defendant Motorola, Inc. ("Motorola") is a corporation organized and existing
under the laws of the State of Delaware with its principal place of business at 1303 East
Algonquin Road, Schaumburg, Illinois 60196.  Motorola is registered to do business in the
Commonwealth of Virginia as a foreign business entity, and its Registered Agent is CT
Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

**ANSWER:**  Motorola admits that Motorola is a Delaware corporation with corporate

headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  Motorola admits

that it is registered to do business in the Commonwealth of Virginia as a foreign business

entity, and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen

Allen, Virginia 23060-6802.

3.      MLR is the owner of certain patents.  The patents include those that had been
developed by MLR and patents that originated with Spectrum Information Technologies, Inc.

**ANSWER:**  MLR's assertion that it is the owner of "certain patents" is vague and

incapable of being admitted and for that reason Motorola denies MLR's characterization.

Motorola lacks knowledge or information sufficient to form a belief as to the truth of the

vague allegations of this paragraph that "[t]he patents include those that had been developed

by MLR and patents that originated with Spectrum Information Technologies, Inc.", and

therefore denies same.  Motorola affirmatively states that is has a license to practice any and

all inventions claimed in the asserted patents and as a result is incapable of infringing the said

patents.  Except as so stated, Motorola denies the allegations in this paragraph.

4.      Motorola directly or indirectly distributes, markets, sells and/or offers to sell
throughout the United States, including in this judicial district various telecommunication and
other consumer products, including wireless communication devices, associated equipment and
software.

**ANSWER:**  Motorola admits the allegations of this paragraph.

5.     Motorola has previously licensed certain MLR patents but is not licensed under any of the patents asserted in this Complaint.  MLR has repeatedly requested that Motorola stop infringing the claims of the patents identified in this Complaint in light of its lack of a license, or accept an appropriate and due license, but Motorola has refused to stop infringing and has not agreed to an appropriate and due license.

**ANSWER:**  Motorola admits that it is licensed under several MLR patents, including but

not limited to the asserted patents.  Accordingly, Motorola is not capable of infringing the

asserted patents.  Motorola further denies that it is not licensed under any of the patents

asserted in this Complaint.  Motorola admits that it has been involved in discussions with

MLR regarding the asserted patents, but denies that it has infringed the patents asserted in

this Complaint and denies any liability to MLR.

## JURISDICTION AND VENUE

6.     This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

**ANSWER:**  Motorola admits that this action purports to be an action for patent

infringement under Title 35 of the United States Code, but denies that Motorola infringes any

of the asserted patents and denies that MLR is entitled to any recovery.

7.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**  Motorola admits this Court has subject matter jurisdiction over disputes

arising under the patent laws of the United States, but denies that Motorola infringes any of

the asserted patents and denies that MLR is entitled to any recovery.

8.     Because Motorola is registered to do business in this Commonwealth, and has committed acts of patent infringement in this judicial district and because Motorola does business in this judicial district, and otherwise has minimum contacts here, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

**ANSWER:**  For purposes of this action only, and without waiver of the defense of

improper venue in any other context or proceeding, Motorola consents to venue in this

action.  Motorola admits that it is registered to do business in this Commonwealth.  Motorola

denies that it has committed acts of patent infringement and denies that it is liable to MLR.

Motorola admits that it does business in this judicial district.  The remaining allegations of

this paragraph are legal conclusions for which no answer is required or given.

Motorola reserves the right to respond further to paragraphs 9-24 of the Complaint once

its Motion to Dismiss is resolved.

### <u>COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,343,173</u>

25.    MLR realleges and incorporates herein by reference the allegations stated in
paragraphs 1-8 of this Complaint.

**ANSWER:**  Motorola realleges and incorporates herein by reference the responses to the

allegations stated in paragraphs 1-8 of this Complaint.

26.    U.S. Patent No. 7,343,173 entitled "Tiered Wireless, Multi-Modal Access System
And Method" (the "'173 Patent) was duly and legally issued by the United States Patent and
Trademark Office on March 11, 2008, to the inventor Charles M. Leedom, Jr.  MLR is the owner
by assignment of all right, title and interest in and to the '173 Patent, including the right to sue,
enforce and recover damages for all infringements of the patent.  A true and correct copy of the
'173 Patent is attached as Exhibit E.

**ANSWER:**  Motorola admits that U.S. Patent No. 7,343,173 (the "'173 Patent") on its face

is entitled "Tiered Wireless, Multi-Modal Access System And Method" and was issued by

the United States Patent and Trademark Office on March 11, 2008, to named inventor

Charles M. Leedom, Jr.  However, Motorola lacks information sufficient to form a belief as

to the truth or falsity of whether the inventorship claim for the '173 Patent is proper, and

therefore denies it.  Motorola admits that MLR attached as Exhibit E what MLR purports to

be a true and correct copy of the '173 Patent.  As to the remaining allegations of this

paragraph, Motorola lacks knowledge or information sufficient to form a belief as to the truth

of the allegations, and therefore denies same.

27.     Upon information and belief, Motorola has directly or indirectly infringed, and is continuing to directly or indirectly infringe the '173 Patent, by making, using, offering to sell and/or selling in this judicial district and elsewhere within the United States and/or importing into the United States at least the Motorola Z6w Wi-Fi device, constituting infringement under 35 U.S.C. § 271 (a), (b), (c) and/or (g).

**ANSWER:**  Motorola denies the allegations of this paragraph.

28.     Upon information and belief, Motorola will continue to infringe the '173 Patent unless enjoined by this Court.  Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling MLR to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**ANSWER:**  Motorola denies the allegations of this paragraph.

## RESPONSE TO MLR'S PRAYER FOR RELIEF

Motorola denies that MLR is entitled to any relief whatsoever in this action, either as

prayed for in its Original Complaint or otherwise.

\*   \*   \*   \*   \*   \*

Further answering the Complaint, Motorola asserts the following Affirmative Defenses to

all counts of MLR's Complaint.  By raising these Affirmative Defenses, Motorola does not

assume any burden of proof otherwise borne by MLR.  Motorola submits its Affirmative

Defenses without prejudice to its motion to dismiss Claims I-IV and its motion to stay

discovery on those claims.  Should any of Counts I through IV survive Motorola's Motion To

Dismiss, Motorola will supplement its Affirmative Defenses to those surviving counts.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      Counts I through IV are barred, in full or in part, because Motorola is licensed to practice any and all inventions claimed in the '985, '453, '558, and '322 Patents by virtue of an express license.

### Second Affirmative Defense

2.      Count V is barred, in full or in part, because Motorola is licensed to practice any and all inventions claimed in the '985, '453, '558, '322, and '173 Patents by virtue of an implied license.

### Third Affirmative Defense

3.      The '173 Patent is invalid for failure to satisfy one or more of the conditions of patentability, including those set forth at 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

4.      Motorola has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '173 Patent.

### Fifth Affirmative Defense

5.      MLR is barred from recovering damages for any alleged infringement of the '173 patent against Motorola under the doctrine of laches.

### Sixth Affirmative Defense

6.      MLR's claims or damages are barred in whole or in part by the doctrine of patent misuse.

**Seventh Affirmative Defense**

7.      MLR's claims or damages are barred in whole or in part by the doctrine of estoppel.

**Eighth Affirmative Defense**

8.      MLR is not entitled to injunctive relief because any injury is not irreparable, MLR has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief.

**Ninth Affirmative Defense**

9.      MLR has failed to state a claim against Motorola upon which relief may be granted.

**Tenth Affirmative Defense**

10.     The '173 Patent is unenforceable because the Applicant and/or other persons having a duty of candor to the United States Patent and Trademark Office ("USPTO") committed inequitable conduct in the prosecution of the '173 Patent by failing to disclose material prior art and information to the USPTO.

11.     The '985, '453, '558, and '322 Patents are all related and have a common lineage. The '322 Patent claims priority to the '558 Patent.  The '558 Patent claims priority to the '453 Patent.  The '453 Patent claims priority to the '985 Patent.  The '985 Patent claims priority to application No. 08/167,003, now abandoned.  The specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporates by reference the entire disclosure of the '985 Patent.  The '985, '453, '558, '322, and '173 Patents all disclose and claim similar subject matter.

12.    Charles M. Leedom, Jr. is listed as a co-inventor of the '985, '453, '558, '322 Patents and as the sole inventor of the '173 Patent.  Charles M. Leedom, Jr. was also the prosecuting attorney on the '985, '453 and '558 Patents.

13.    During the prosecution of the '173 Patent, the Applicant and/or other persons (the "Applicant") having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 4,989,230; 5,127,042; 5,249,302; 5,734,980; 5,778,024; 5,784,693; 5,903,832; 5,905,955; 5,950,130; 5,966,667; 6,134,453; 6,148,197; 6,185,413; 6,249,686; 6,298,235; 6,311,064; 6,418,318; 6,934,558; 7,386,322; the Notice of Allowance of the '558 Patent sent by the USPTO on January 13, 2005; the Supplemental Notice of Allowability of the '558 Patent sent by the USPTO on April 6, 2005; and the Non-final Office Action sent by the USPTO on September 19, 2007 for the '322 Patent.

14.    U.S. Patent No. 4,989,230 (the "'230 Patent") was material to the '173 Patent as it discloses and claims similar subject matter.  Furthermore, the Applicant found the '230 Patent to be material by disclosing it to the USPTO during the prosecution of the '558 and '322 Patents. In addition, the Applicant was obviously aware of the '230 Patent because it was disclosed during the prosecution of the '558 and '322 Patents, yet the '230 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

15.    U.S. Patent No. 5,127,042 (the "'042 Patent") was material to the '173 Patent as it discloses and claims similar subject matter.  Furthermore, the Applicant found the '042 Patent to be material by disclosing it to the USPTO during the prosecution of the '985, '453, '558 and '322 Patents.  In addition, the Applicant was obviously aware of the '042 Patent because it was disclosed to the USPTO during the prosecution of the '985, '453, '558 and '322 Patents, yet the '042 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

16.     U.S. Patent No. 5,249,302 (the "'302 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  Furthermore, the Applicant found the '302 Patent to be material by disclosing it to the USPTO during the prosecution of the '985, '453, and '558 Patents.  In addition, the Applicant was obviously aware of the '302 Patent because it was disclosed to the USPTO during the prosecution of the '985, '453, and '558 Patents.  Furthermore, the Applicant was made aware of the '302 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '302 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

17.     U.S. Patent No. 5,734,980 (the "'980 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  The Applicant was made aware of the '980 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '980 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

18.     U.S. Patent No. 5,778,024 (the "'024 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  The Applicant was made aware of the '024 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '024 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

19.     U.S. Patent No. 5,784,693 (the "'693 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '693 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '693 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

20.     U.S. Patent No. 5,903,832 (the "'832 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '832 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '832 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

21.     U.S. Patent No. 5,905,955 (the "'955 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '955 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '955 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

22.     U.S. Patent No. 5,950,130 (the "'130 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '130 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '130 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

23.     U.S. Patent No. 5,966,667 (the "'667 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  The Applicant was made aware of the '667 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '667 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

24.     The '453 Patent was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  Furthermore, the specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent,

and incorporated the entire disclosure of the '985 Patent.  The '453 Patent is a division of the

'985 Patent.  The Applicant was obviously aware of the '453 Patent since the inventor of the

'173 Patent was also the co-inventor of the '453 Patent.  Furthermore, the Applicant was made

aware of the '453 Patent by the Examiner's citation of this patent during the prosecution of the

'558 and '322 Patents, yet the '453 Patent was not cited to the USPTO during the prosecution of

the '173 Patent.

25.     U.S. Patent No. 6,148,197 (the "'197 Patent") was material to the '173 Patent as it

was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant

was made aware of the '197 Patent by the Examiner's citation of this patent during the

prosecution of the '558 and '322 Patents, yet the '197 Patent was not cited to the USPTO during

the prosecution of the '173 Patent.

26.     U.S. Patent No. 6,185,413 (the "'413 Patent") was material to the '173 Patent as it

was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant

was made aware of the '413 Patent by the Examiner's citation of this patent during the

prosecution of the '558 and '322 Patents, yet the '413 Patent was not cited to the USPTO during

the prosecution of the '173 Patent.

27.     U.S. Patent No. 6,249,686 (the "'686 Patent") was material to the '173 Patent as it

was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant

was made aware of the '686 Patent by the Examiner's citation of this patent during the

prosecution of the '558 and '322 Patents, yet the '686 Patent was not cited to the USPTO during

the prosecution of the '173 Patent.

28.     U.S. Patent No. 6,298,235 (the "'235 Patent") was material to the '173 Patent as it

was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant

was made aware of the '235 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '235 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

29.   U.S. Patent No. 6,311,064 (the "'064 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '064 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '064 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

30.   U.S. Patent No. 6,418,318 (the "'318 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '318 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '318 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

31.   The '558 Patent was material to the '173 Patent since the specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporated the entire disclosure of the '985 Patent.  The '558 Patent claims priority to the '453 Patent which claims priority to the '985 Patent.  The Applicant was obviously aware of the '558 Patent since the inventor of the '173 Patent was also the co-inventor of the '558 Patent, yet the '558 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

32.   The '322 Patent was material to the '173 Patent since the specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporated the entire disclosure of the '985 Patent.  The '322 Patent claims priority to the '558 Patent which claims priority to the '453 Patent which claims priority to the '985 Patent.

The Applicant was obviously aware of the '322 Patent since the inventor of the '173 Patent was also the co-inventor of the '322 Patent, yet the '322 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

33.     The Notice of Allowance of the '558 Patent sent by the USPTO on January 13, 2005 (the "'558 Notice of Allowance") was material to the '173 Patent since the '558 and '173 Patents disclose and claim similar subject matter.  The Applicant was obviously aware of the '558 Notice of Allowance since the inventor of the '173 Patent was also the co-inventor of the '558 Patent, yet the '558 Notice of Allowance was not cited to the USPTO during the prosecution of the '173 Patent.

34.     The Supplemental Notice of Allowability of the '558 Patent sent by the USPTO on April 6, 2005 (the "'558 Supplemental Notice") was material to the '173 Patent since the '558 and '173 Patents disclose and claim similar subject matter.  The Applicant was obviously aware of the '558 Supplemental Notice since the inventor of the '173 Patent was also the co-inventor of the '558 Patent, yet the '558 Supplemental Notice was not cited to the USPTO during the prosecution of the '173 Patent.

35.     The Non-final Office Action sent by the USPTO on September 19, 2007 for the '322 Patent (the "'322 Office Action") was material to the '173 Patent since the '322 and '173 Patents disclose and claim similar subject matter.  The Applicant was obviously aware of the '322 Office Action since the inventor of the '173 Patent was also the co-inventor of the '322 Patent, yet the '322 Office Action was not cited to the USPTO during the prosecution of the '173 Patent.

36.     Upon information and belief, the failure to disclose U.S. Patent Nos. 4,989,230; 5,127,042; 5,249,302; 5,734,980; 5,778,024; 5,784,693; 5,903,832; 5,905,955; 5,950,130;

5,966,667; 6,134,453; 6,148,197; 6,185,413; 6,249,686; 6,298,235; 6,311,064; 6,418,318;

6,934,558; 7,386,322; the Notice of Allowance of the '558 Patent sent by the USPTO on January

13, 2005; the Supplemental Notice of Allowability of the '558 Patent sent by the USPTO on

April 6, 2005; and the Non-final Office Action sent by the USPTO on September 19, 2007 for

the '322 Patent to the USPTO during the prosecution of the '173 Patent was done with the

intention of deceiving the USPTO in order to secure the issuance of the '173 Patent.

37.     Other patents, prior art and information were not cited consistently in all the

asserted patents.  Motorola reserves the right to include additional grounds of inequitable

conduct in the prosecution of the '173 Patent in the future based on discovery and further factual

investigation in this case.

## Eleventh Affirmative Defense

38.     Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of

Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity

that may exist now or in the future based on discovery and further factual investigation in this

case.

\*   \*   \*   \*   \*   \*

## COUNTER-CLAIMS

Motorola submits its Counterclaims without prejudice to its motion to dismiss Claims I-IV

and its motion to stay discovery on those claims.  Should any of Counts I through IV survive

Motorola's Motion To Dismiss, Motorola will supplement its Counter-claims.  For its

counterclaims against MLR, Motorola states and alleges as follows:

**Parties**

1.      Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.  Motorola is registered to do business in the Commonwealth of Virginia as a foreign business entity, and its Registered Agent is CT Corporation System, 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060-6802.

2.      On information and belief, MLR is a Limited Liability Company organized and existing under the laws of the Commonwealth of Virginia with its Registered Office and principal place of business at 6524 Truman Lane, Falls Church, Virginia 22043.

**Jurisdiction**

3.      This is an action for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202, and, breach of contract.

4.      This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a) and 2201.  Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I**

**(Declaration of Invalidity)**

5.      Motorola incorporates and realleges paragraphs 1-4.

6.      MLR's Complaint and accusations of infringement against Motorola has created an actual case or controversy concerning the validity of the '173 Patent.

7.      The '173 Patent, and more particularly the claims of the '173 Patent alleged to be infringed, are invalid and of no effect for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to Sections 101, 102, 103, and/or 112.

## COUNT II

### (Declaration of Non-Infringement)

8.      Motorola incorporates and realleges paragraphs 1-7.

9.      MLR's Complaint and accusations of infringement against Motorola has created an actual case or controversy concerning the infringement of the '173 Patent.

10.      Motorola is not infringing, nor has Motorola infringed, either directly and/or indirectly, any claim of the '173 Patent.

11.      Motorola has not actively induced others to infringe the '173 Patent.

12.      Motorola has not contributed to the infringement of the '173 Patent.

13.      Motorola has not willfully infringed, willfully induced infringement of, or willfully contributorily infringed, any claim of the '173 Patent.

## COUNT III

### (Declaration of Motorola's License Rights)

14.      Motorola incorporates and realleges paragraphs 1-13.

15.      This cause of action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and under the laws of the State of Delaware.

16.      Subject matter jurisdiction over this Counter-claim arises under 28 U.S.C. §§ 1332, 1367, 2201, and 2202.

17.      Motorola and MLR's predecessor-in-interest (Spectrum Information Technologies, Inc.) executed an Intellectual Property Cross-License and Cooperative Testing Agreement (hereinafter "the License," a true and correct copy of which is attached hereto as Exhibit A).

16

18.     Pursuant to the License, Motorola has an express and/or implied license to practice the inventions claimed in the '985, '453, '558, '322, and '173 Patents.  Motorola's rights by and through the license provide a complete defense to all the allegations in the Complaint.

19.     Motorola seeks a declaration that the License conveys to Motorola a non-exclusive, non-transferable, royalty-free license to the '985, '453, '558, '322, and '173 Patents.

## COUNT IV

### (Breach of Contract)

20.     Motorola incorporates and realleges paragraphs 1-19.

21.     This cause of action arises under the laws of the State of Delaware.

22.     Subject matter jurisdiction over this Counter-claim arises under 28 U.S.C. §§ 1332, 1367.

23.     The License is a valid and binding contract.

24.     Motorola performed its obligations under the License.

25.     MLR has breached its obligations under the License.  MLR's breach includes, but is not limited to, filing this patent infringement suit in violation of Motorola's rights pursuant to the License.

26.     Motorola has suffered damages as a result of MLR's breach of the license agreement, the precise amount of which cannot be determined at this time.

## COUNT V

### (Declaration of Unenforceability)

27.     Motorola incorporates and realleges paragraphs 1-26.

28.     The '173 Patent is unenforceable because the Applicant and/or other persons having a duty of candor to the United States Patent and Trademark Office ("USPTO") committed inequitable conduct in the prosecution of the '173 Patent by failing to disclose material prior art and information to the USPTO.

29.     The '985, '453, '558, and '322 Patents are all related and have a common lineage. The '322 Patent claims priority to the '558 Patent.  The '558 Patent claims priority to the '453 Patent.  The '453 Patent claims priority to the '985 Patent.  The '985 Patent claims priority to application No. 08/167,003, now abandoned.  The specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporates by reference the entire disclosure of the '985 Patent.  The '985, '453, '558, '322, and '173 Patents all disclose and claim similar subject matter.

30.     Charles M. Leedom, Jr. is listed as a co-inventor of the '985, '453, '558, '322 Patents and as the sole inventor of the '173 Patent.  Charles M. Leedom, Jr. was also the prosecuting attorney on the '985, '453 and '558 Patents.

31.     During the prosecution of the '173 Patent, the Applicant and/or other persons (the "Applicant") having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 4,989,230; 5,127,042; 5,249,302; 5,734,980; 5,778,024; 5,784,693; 5,903,832; 5,905,955; 5,950,130; 5,966,667; 6,134,453; 6,148,197; 6,185,413; 6,249,686; 6,298,235; 6,311,064; 6,418,318; 6,934,558; 7,386,322; the Notice of Allowance of the '558 Patent sent by the USPTO on January 13, 2005; the Supplemental Notice of Allowability of the '558 Patent sent by the USPTO on April 6, 2005; and the Non-final Office Action sent by the USPTO on September 19, 2007 for the '322 Patent.

32.     U.S. Patent No. 4,989,230 (the "'230 Patent") was material to the '173 Patent as it discloses and claims similar subject matter.  Furthermore, the Applicant found the '230 Patent to be material by disclosing it to the USPTO during the prosecution of the '558 and '322 Patents.  In addition, the Applicant was obviously aware of the '230 Patent because it was disclosed during the prosecution of the '558 and '322 Patents, yet the '230 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

33.     U.S. Patent No. 5,127,042 (the "'042 Patent") was material to the '173 Patent as it discloses and claims similar subject matter.  Furthermore, the Applicant found the '042 Patent to be material by disclosing it to the USPTO during the prosecution of the '985, '453, '558 and '322 Patents.  In addition, the Applicant was obviously aware of the '042 Patent because it was disclosed to the USPTO during the prosecution of the '985, '453, '558 and '322 Patents, yet the '042 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

34.     U.S. Patent No. 5,249,302 (the "'302 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  Furthermore, the Applicant found the '302 Patent to be material by disclosing it to the USPTO during the prosecution of the '985, '453, and '558 Patents.  In addition, the Applicant was obviously aware of the '302 Patent because it was disclosed to the USPTO during the prosecution of the '985, '453, and '558 Patents.  Furthermore, the Applicant was made aware of the '302 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '302 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

35.     U.S. Patent No. 5,734,980 (the "'980 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  The Applicant was made aware of the '980 Patent by the Examiner's citation of this patent during the prosecution of the

'322 Patent, yet the '980 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

36.     U.S. Patent No. 5,778,024 (the "'024 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  The Applicant was made aware of the '024 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '024 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

37.     U.S. Patent No. 5,784,693 (the "'693 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '693 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '693 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

38.     U.S. Patent No. 5,903,832 (the "'832 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '832 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '832 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

39.     U.S. Patent No. 5,905,955 (the "'955 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '955 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '955 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

40.     U.S. Patent No. 5,950,130 (the "'130 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '130 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '130 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

41.     U.S. Patent No. 5,966,667 (the "'667 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '322 Patent.  The Applicant was made aware of the '667 Patent by the Examiner's citation of this patent during the prosecution of the '322 Patent, yet the '667 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

42.     The '453 Patent was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  Furthermore, the specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporated the entire disclosure of the '985 Patent.  The '453 Patent is a division of the '985 Patent.  The Applicant was obviously aware of the '453 Patent since the inventor of the '173 Patent was also the co-inventor of the '453 Patent.  Furthermore, the Applicant was made aware of the '453 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '453 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

43.     U.S. Patent No. 6,148,197 (the "'197 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '197 Patent by the Examiner's citation of this patent during the

prosecution of the '558 and '322 Patents, yet the '197 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

44.     U.S. Patent No. 6,185,413 (the "'413 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '413 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '413 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

45.     U.S. Patent No. 6,249,686 (the "'686 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '686 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '686 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

46.     U.S. Patent No. 6,298,235 (the "'235 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '235 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '235 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

47.     U.S. Patent No. 6,311,064 (the "'064 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '064 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '064 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

48.     U.S. Patent No. 6,418,318 (the "'318 Patent") was material to the '173 Patent as it was cited by the Examiner during the prosecution of the '558 and '322 Patents.  The Applicant was made aware of the '318 Patent by the Examiner's citation of this patent during the prosecution of the '558 and '322 Patents, yet the '318 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

49.     The '558 Patent was material to the '173 Patent since the specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporated the entire disclosure of the '985 Patent.  The '558 Patent claims priority to the '453 Patent which claims priority to the '985 Patent.  The Applicant was obviously aware of the '558 Patent since the inventor of the '173 Patent was also the co-inventor of the '558 Patent, yet the '558 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

50.     The '322 Patent was material to the '173 Patent since the specification of the '173 Patent states that the invention is designed to build on the concepts disclosed in the '985 Patent, and incorporated the entire disclosure of the '985 Patent.  The '322 Patent claims priority to the '558 Patent which claims priority to the '453 Patent which claims priority to the '985 Patent. The Applicant was obviously aware of the '322 Patent since the inventor of the '173 Patent was also the co-inventor of the '322 Patent, yet the '322 Patent was not cited to the USPTO during the prosecution of the '173 Patent.

51.     The Notice of Allowance of the '558 Patent sent by the USPTO on January 13, 2005 (the "'558 Notice of Allowance") was material to the '173 Patent since the '558 and '173 Patents disclose and claim similar subject matter.  The Applicant was obviously aware of the '558 Notice of Allowance since the inventor of the '173 Patent was also the co-inventor of the

'558 Patent, yet the '558 Notice of Allowance was not cited to the USPTO during the prosecution of the '173 Patent.

52.     The Supplemental Notice of Allowability of the '558 Patent sent by the USPTO on April 6, 2005 (the "'558 Supplemental Notice") was material to the '173 Patent since the '558 and '173 Patents disclose and claim similar subject matter.  The Applicant was obviously aware of the '558 Supplemental Notice since the inventor of the '173 Patent was also the co-inventor of the '558 Patent, yet the '558 Supplemental Notice was not cited to the USPTO during the prosecution of the '173 Patent.

53.     The Non-final Office Action sent by the USPTO on September 19, 2007 for the '322 Patent (the "'322 Office Action") was material to the '173 Patent since the '322 and '173 Patents disclose and claim similar subject matter.  The Applicant was obviously aware of the '322 Office Action since the inventor of the '173 Patent was also the co-inventor of the '322 Patent, yet the '322 Office Action was not cited to the USPTO during the prosecution of the '173 Patent.

54.     Upon information and belief, the failure to disclose U.S. Patent Nos. 4,989,230; 5,127,042; 5,249,302; 5,734,980; 5,778,024; 5,784,693; 5,903,832; 5,905,955; 5,950,130; 5,966,667; 6,134,453; 6,148,197; 6,185,413; 6,249,686; 6,298,235; 6,311,064; 6,418,318; 6,934,558; 7,386,322; the Notice of Allowance of the '558 Patent sent by the USPTO on January 13, 2005; the Supplemental Notice of Allowability of the '558 Patent sent by the USPTO on April 6, 2005; and the Non-final Office Action sent by the USPTO on September 19, 2007 for the '322 Patent to the USPTO during the prosecution of the '173 Patent was done with the intention of deceiving the USPTO in order to secure the issuance of the '173 Patent.

55.     Other patents, prior art and information were not cited consistently in all the asserted patents.  Motorola reserves the right to include additional grounds of inequitable conduct in the prosecution of the '173 Patent in the future based on discovery and further factual investigation in this case.

## COUNTER-PLAINTIFF'S PRAYER FOR RELIEF ON ITS COUNTER-CLAIMS

WHEREFORE, Motorola prays for the following relief:

A.  For the Complaint to be dismissed with prejudice and for MLR's claims for relief to be denied in their entirety;

B.  A declaration that the '173 Patent is invalid;

C.  A declaration that the '173 Patent is not infringed by Motorola;

D.  A declaration that the '173 Patent is not enforceable;

E.  A declaration that Motorola enjoys a license to practice the '985, '453, '558, '322, and '173 Patents;

F.  Money damages to be awarded for MLR's breach of the License, including but not limited to, attorneys fees and costs associated with defending this lawsuit;

G.  A declaration that this is an exceptional case and an award to Motorola of its attorneys' fees and costs under 35 U.S.C. § 285;

H.  That costs and expenses be awarded to Motorola;

I.  Such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Motorola demands a jury trial on all issues so triable.

Dated:  September 30, 2008

Respectfully submitted,


    /s/ Stephen E. Noona
Stephen E. Noona
VSB No. 25367
*Counsel for Defendant Motorola, Inc.*
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:  (757) 624-3000
Facsimile:  (757) 624-3169
senoona@kaufcan.com

*Of Counsel:*
Jonathan E. Retsky
Illinois Bar No. 6201846
HOWREY LLP
321 N. Clark Street, Suite 3400
Chicago, IL  60654
Telephone:  (312) 846-5648
Facsimile:  (312) 264-0380
retskyj@howrey.com

Gregory J. Commins, Jr.
Washington, DC Bar No. 435440
Brian S. Seal
Washington DC Bar No. 485912
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  (202) 783-0800
Facsimile:  (202) 383-6610
comminsg@howrey.com
sealb@howrey.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2008, I will electronically file the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF)

to the following:

> Virginia W. Hoptman
> James S. Kurz
> WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
> 8065 Leesburg Pike, 4th Floor
> Vienna, VA  22182
> Telephone:  (703) 790-3310
> Facsimile:   (703) 790-2623
> vhoptman@wcsr.com
> jkurz@wcsr.com
> *Counsel for Plaintiff*

> ___/s/ Stephen E. Noona_____
> Stephen E. Noona
> VSB No. 25367
> *Counsel for Defendant Motorola, Inc.*
> KAUFMAN & CANOLES, P.C.
> 150 West Main Street, Suite 2100
> Norfolk, VA  23510
> Telephone:  (757) 624-3000
> Facsimile:   (757) 624-3169
> senoona@kaufcan.com

1408977\1